Barnard, P. J.
The evidence is not sufficient to support this action. Eleven men own a tract of thirteen acres for burial purposes. They were not incorporated. At first two of theyowners were empowered to manage the sale of the plots; and next, a manager, one Blanch, acted for many years. The defendant Woolsey T. Weyant is a son of Abram Weyant. In 1864 Abram Weyant buried a son in the plot in question, being Ho. 153. A tombstone was, soon after the burial, erected at the place of his burial. Other burials have followed from the family of Abram Weyant; the latest in 1882. Sixteen or eighteen years ago Blanch, Abram Weyant, and others of his family measured off the lot so as to erect monument stones at the corners, which was done. Eight marble slabs were placed in the ground, extending two feet above the surface, and marked with the initials of the Weyant family. The lot was graded and sodded, and shrubbery and flowers put on by them. Blanch and Abram Weyant are both deceased. The owners filed a map, showing Ho. 153 on it. In 1864 Abram Weyant commenced to bury in it. Blanch, a general manager of the cemetery, recognized the ownership of the exclusive right of burial in Weyant. Burial after burial was made in it, extending over some 20 years, without objection. A book is produced, in Blanch’s hand-writing, of the sale to Weyant in 1862 in this form: “May 30th, 1862, Abram Weyant, 153 20x38; aggregate number of feet, 700; $105.” The evidence abundantly supports Abram Weyant’s exclusive right of burial in the plot in question. The exceptions should therefore be overruled, and judgment rendered upon the verdict, with costs.
Pratt and Dykman, J,T , concur.